## STATE v. J. C. SMITH.

(Filed 16 June, 1966.)

**1. Criminal Law § 159—**

Exceptions not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 111—**

Where, in a prosecution for conspiracy, the State's witnesses include only one of the conspirators, a correct charge as to the duty of the jury to scrutinize the testimony of an accomplice could not be misleading for failure of the court to identify the accomplice, and even if the jury should have interpreted the instruction as applying also to another witness, it would not have been prejudicial to defendant.

MOORE, J., not sitting.

APPEAL by defendant from *Latham, S.J.,* 17 January 1966 Criminal Session of ALAMANCE.

The indictment charges that the defendant and one Leslie Wertz Wagoner did unlawfully and wilfully combine, conspire, confederate and agree, each with the other, to accuse or threaten to accuse another person or other persons, at the time unknown to them, of the commission of a crime against nature with the said Leslie Wertz Wagoner with the intent to deceive and defraud and to extort money from such other person. The defendant was found guilty and was sentenced to imprisonment in the common jail of Alamance County for a period of two years to be assigned to work under the supervision of the State Prison Department. From this judgment he appeals.

The State offered three witnesses, these being Leslie Wagoner, the alleged co-conspirator, Hal Waynick, the alleged victim, and J. W. McCauley, a police officer of the city of Burlington. The defendant offered no evidence. The evidence so offered by the State, if true, is sufficient to support the verdict.

The only assignment of error discussed in the appellant's brief, or with reference to which authorities are cited therein, is the inclusion by the court of the following instruction in the charge to the jury:

"Now, the law provides, ladies and gentlemen, where an accomplice testifies you shall scrutinize his testimony, that you shall weigh it and consider it carefully because he may not tell the truth; that he may be biased or interested or both, but after you have weighed it and find that he has told the truth

about the matter, then you are to give his testimony the same weight as that of any truthful, disinterested witness."

Immediately preceding the instruction to which this exception is directed, the court instructed the jury:

"The defendant contends that the evidence tends to show and that you should find that you cannot believe the witnesses for the State. That by their own admission they are felons, by their own admission they have attempted or have committed a felony, a crime against nature. That one of the witnesses admitted on the witness stand that he was drunk on the evening of the 12th. The defendant contends that the evidence tends to show and you should find that the witnesses for the State, Mr. Waynick and Mr. Wagoner, had broken the law, that to escape retribution, that they had created this fiction, this story, that these charges are false. * * * In short, ladies and gentlemen, the defendant contends that you cannot believe the testimony of the witnesses for the State and that you cannot be satisfied of his guilt and that your verdict should be not guilty."

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Hines & Dettor for defendant appellant.*

PER CURIAM. Exceptions in the record not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, are deemed abandoned by him. Rule 28 of the Rules of Practice in the Supreme Court of North Carolina. We have, however, examined the entire record and find no merit in any exception noted therein.

There is no error in the instruction of the court concerning the rule that the testimony of an accomplice is to be carefully scrutinized. *State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165; Strong, N. C. Index, Criminal Law, § 111, Supplement. The defendant contends that the court's instruction failed to identify the accomplice to whose testimony it related. Since there were only three witnesses, a co-conspirator, the victim, and a police officer, it is obvious that the jury could not have been under any misapprehension as to which witness was the accomplice. If, however, the jury interpreted the court's instruction as applicable both to the testimony of Wagoner, the alleged co-conspirator, and to that of Waynick, the alleged victim, this could not be prejudicial to the defendant.

No error.

MOORE, J., not sitting.