STATE OF NORTH CAROLINA v. ROBERT LEE MITCHELL.

(Filed 10 July 1968.)

**1. Criminal Law § 159—**

Where appellant files with the clerk of the Court of Appeals a stenographic transcript of the evidence in the trial tribunal, the failure to provide an appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof" subjects the appeal to dismissal by the Court *ex mero motu.* Court of Appeals Rule No. 19(d)(2).

**2. Criminal Law § 117—**

Where a request is made for a specific instruction as to the rule of scrutiny in the event of an accomplice testifying for the prosecution, which instruction is correct in itself and supported by evidence, the trial judge, while not required to parrot the instruction in the exact and identical words of counsel, must charge the jury in substantial conformity to the prayer.

**3. Same—**

There is no error in an instruction that the jury should scrutinize the testimony of an accomplice with care and caution, and that if after such scrutiny the jury deem the evidence worthy of belief they should give the testimony the same weight and credibility as they would any other witness found to be worthy of belief.

**4. Same—**

Where there is no evidence to support such an instruction, the trial court may properly refuse defendant's requested instruction that the jury must consider whether an accomplice who testified for the State has received any promise or indication of favorable treatment.

APPEAL by defendant from *Hobgood, J.,* at February "R" 1968 Criminal Session of WAKE Superior Court.

Criminal prosecution upon a bill of indictment containing three counts against the defendant Mitchell, Levester Aaron Sims, and Bobby Dewberry.

The first count charges that on 15 November 1967 defendant and Sims and Dewberry unlawfully, willfully, and feloniously did break and enter the building occupied by William C. Vick Company, Inc., with intent to steal, take and carry away the merchandise, chattels, money, valuable securities, and other personal property of said corporation; the second count charges that on the same date defendant together with Sims and Dewberry, after having unlawfully, willfully, and feloniously broken into and entered the building occupied by William C. Vick Company, Inc., a corporation, located at 3930 Western Boulevard, Raleigh, North Carolina, with intent to steal,

take and carry away merchandise, chattels, money, valuable securities and other personal property located therein, did steal, take and carry away various itemized articles, including three described shotguns, a rifle, one Stanly half-inch drill, serial number 160540; one Dejur dictating machine and other items specifically described of the value of $1,100. The third count charges that the defendant together with Sims and Dewberry did on same date feloniously receive and have the specifically described articles of William C. Vick Company, Inc., a corporation, well knowing that same had been feloniously stolen, taken and carried away.

The record shows that, when the case was called for trial in Superior Court, defendants Sims and Dewberry each entered a plea of guilty and the defendant Robert Lee Mitchell entered a plea of not guilty.

The record also shows that thereupon the case against the defendant Mitchell proceeded to trial; that the State first offered evidence tending to show that the offenses described in the bill of indictment had been committed but that most of the articles of property particularly described in the bill of indictment belonged to William C. Vick personally and not to the corporation, with the exception of the Stanly half-inch drill and the Dejur dictating machine. The State introduced as witnesses Sims and Dewberry who testified to their own participation and implicated the defendant in the commission of said offenses. The State also introduced evidence as to finding the dictating machine and Stanly drill in the trunk of the automobile belonging to the defendant.

The defendant did not testify, but he offered the testimony of other witnesses to the effect that he was at home on the night in question and that he had loaned his automobile to Dewberry on that occasion.

At the close of the evidence, the trial court entered a judgment as of nonsuit on the third count in the bill of indictment and the case was presented to the jury as to the first two counts.

The jury returned a verdict of guilty as to both counts.

Judgment: Commitment to the State Department of Correction to the custody of the Commissioner of Correction for a minimum period of not less than seven years and a maximum of not more than ten years on the charge of felonious breaking and entering and for a minimum period of not less than three years and a maximum period of not more than five years on the charge of felonious larceny; the two sentences to run consecutively.

Defendant excepted thereto and appeals therefrom to this Court and assigns error.

*T. W. Bruton, Attorney General of North Carolina, and Bernard A. Harrell, Assistant Attorney General, for the State.*
*J. C. Proctor for defendant appellant.*

CAMPBELL, J. The record sets out: "Evidence Submitted Under Rule 19 (d)(2)."

Rule 19(d) of this Court is as follows:

"(d) *Evidence — How Stated.* The evidence in record on appeal shall be in one of the two following methods:

(1) [This method provides for setting out the evidence in record on appeal in narrative form.]

(2) As an alternative to the above method (as a part of the record on appeal but not to be reproduced), the appellant shall cause the complete stenographic transcript of the evidence in the trial tribunal, as agreed to by the opposite party or as settled by the trial tribunal as the case may be, to be filed with the clerk of this Court and then the appellant in an appendix (emphasis added) to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof. The opposite party in case of disagreement as to any portion of the appendix in appellant's brief may set forth in an appendix to his brief in succinct language what he says the testimony of a witness establishes with citation to the page of the stenographic transcript in support thereof."

In the instant case, there was no appendix attached to the brief and this Court will, therefore, *ex mero motu,* dismiss the appeal.

Nevertheless, we have made a voyage of discovery through the entire record and considered each of the eighty-three exceptions taken by the defendant, and we find no merit in any of them.

The defendant made numerous written requests for special instructions and took thirty-one exceptions to the failure of the trial court to give instructions as requested. We have examined each of the requested instructions and find that where applicable and supported by evidence, the court did give in substance each of said instructions. "It is a well established rule with us that if a request is made for a specific instruction as to the rule of scrutiny in the event of an accomplice testifying for the prosecution, which is cor-

rect in itself and supported by evidence, the trial judge, while not required to parrot the instructions 'or to become a mere judicial phonograph for recording the exact and identical words of counsel,' must charge the jury in substantial conformity to the prayer." *State v. Bailey,* 254 N.C. 380, 386, 119 S.E. 2d 165.

In the instant case the defendant in apt time requested the trial court to charge the jury:

"(1)   The testimony of an accomplice or co-conspirator must be weighed with great care and be scrutinized closely, carefully and cautiously. This testimony, which is subject to great suspicion, must be viewed with distrust and acted on only after due and careful deliberation.

(2)   The testimony of an accomplice or co-conspirator is testimony from a tainted source.

(3)   In determining the weight and consideration of the testimony of an accomplice or co-conspirator, you must consider whether there has been any promise to him or indication of favorable treatment for him or actual benefit conferred, promised or indicated by the circumstances of the case."

To the refusal of the trial court to give those requested instructions, the defendant took an exception.

The court actually charged the jury in the following words:

"Now, when you consider the evidence of an accomplice, the Court instructs you that you should scrutinize it with care and caution, and after giving it careful scrutiny and caution, if you then deem that the evidence of the accomplice is worthy of belief, you would give that testimony the same weight and credibility as you would any other witness you found to be worthy of belief."

We think this instruction complied with the requirements of law and that it was not error for the trial court to use this language and not the specific language requested by the defendant. *State v. Smith,* 267 N.C. 659, 148 S.E. 2d 573. In fact, it would have been error to give the number three requested instruction, for there was no evidence to support it.

We find that the defendant had a fair trial, free of any prejudicial error and that the charge of the trial court was adequate and sufficient.

No error.

BRITT and MORRIS, JJ., concur.