STATE OF NORTH CAROLINA v. STEVE WAYNE KIRBY

No. 6826SC409

(Filed 13 November 1968)

1. **Burglary and Unlawful Breakings § 5 — nonsuit — testimony by accomplice**

   In a prosecution for breaking and entering and larceny, defendant's motion for nonsuit was properly denied where an accomplice testified that defendant acted as a lookout while the accomplice and another broke and entered a building and stole property therefrom, and that defendant shared in the division of the stolen property.

2. **Criminal Law § 106— nonsuit — unsupported testimony by accomplice**

   The unsupported testimony of an accomplice is sufficient to support conviction if it satisfies the jury of defendant's guilt beyond a reasonable doubt.

3. **Criminal Law § 9— aider and abettor**

   When two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty without regard to any previous confederation or design.

4. **Criminal Law § 117— duty of jury to scrutinize testimony of accomplice — request for special instructions**

   Where a request is made for a specific instruction as to the rule of scrutiny in the event of an accomplice testifying for the prosecution, which instruction is correct in itself and supported by the evidence, the trial judge, while not required to parrot the instruction in the exact words of counsel, must charge the jury in substantial conformity to the prayer.

5. **Criminal Law § 117— instruction as to testimony of accomplice**

   An instruction that it is dangerous to convict a defendant upon the unsupported testimony of an accomplice *is held* to conform substantially to the special instructions requested by defendant as to the rule of scrutiny of an accomplice's testimony and is more than that to which the defendant is entitled.

APPEAL by defendant from *Beal, S.J.,* at 16 April 1968 Schedule "D" Criminal Session of MECKLENBURG Superior Court.

The bill of indictment against defendant charged him with feloniously breaking and entering Phil's Dinette in the City of Charlotte and the larceny of certain property therefrom. On a plea of not guilty, the jury found the defendant guilty as charged, and from an active prison sentence of five years, defendant appealed.

*Attorney General T. Wade Bruton by Assistant Attorney General Bernard A. Harrell for the State.*

*Don Davis for defendant appellant.*

BRITT, J.

Defendant assigns as error the failure of the trial judge to grant his motion for nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

Before resting its case, the State introduced two witnesses. Phil George Lucas gave testimony to the effect that he was the owner of the premises, that they were burglarized on the night of 23 February 1968 or early morning of 24 February 1968, and that the property itemized in the bill of indictment was taken.

The other witness was Ted Cook, a 15-year-old cousin of the defendant, whose testimony is summarized as follows: He was on probation from reform school and was spending the night in question in defendant's home. During the night, he and defendant were walking on Central Avenue in the City of Charlotte, Phil's Dinette being on said avenue. They walked around the block on which the dinette was located twice before they decided to enter it. Ronnie Kirby, 14-year-old brother of the defendant, was with them. Defendant told Cook that every time he had entered the dinette he had gotten more than $100.00. Cook and Ronnie entered the building while defendant walked up and down the street near the building "to see if there was any law coming." After burglarizing the premises, the three of them returned to defendant's home on Independence Boulevard where the money that had been taken was divided, defendant getting some of the money. The cigarettes and certain other stolen property were placed in a closet in defendant's home, and some stolen papers were placed under the house. The next day Cook accompanied defendant to Scranton, South Carolina, and a portion of the stolen property, including a radio and some cigarettes, were taken by them to South Carolina. Cook entered a

plea of guilty to a separate indictment charging him with breaking and entering and larceny.

**[1-3]** The evidence against defendant was sufficient to withstand his motions of nonsuit. The unsupported testimony of an accomplice is sufficient to support conviction in this State if it satisfies the jury of guilt beyond a reasonable doubt. *State v. Terrell*, 256 N.C. 232, 123 S.E. 2d 469. "It is thoroughly established law in this State that, without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *State v. Johnson*, 272 N.C. 239, 158 S.E. 2d 95; *State v. Taft*, 256 N.C. 441, 124 S.E. 2d 169.

Defendant also assigns as error the refusal of the trial court to give the jury the following tendered special instructions:

"1. In North Carolina a defendant may be convicted upon the unsupported testimony of an accomplice, if the jury is satisfied from such testimony and beyond a reasonable doubt of his guilt; and, in this case, the witness Ted Cook is what is known in law as an accomplice; and I further instruct you that his testimony as to the guilt of the defendant is unsupported by any other evidence.

2. The Court further instructs you that it is dangerous to convict a defendant upon the unsupported testimony of an accomplice; that it will be dangerous to convict the defendant in this case upon the testimony of Ted Cook, although it is permissible for you to do so if the State has satisfied you beyond a reasonable doubt of the defendant's guilt; and that it is your duty to scrutinize the testimony of the witness Ted Cook with caution and with care and in the light of his interest and bias, if any, in the case."

The special instructions requested are very similar to those requested by the defendant in *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165, and those requested in *State v. Hooker*, 243 N.C. 429, 90 S.E. 2d 690.

**[4]** It is a well-established rule in this jurisdiction that if a request is made for a specific instruction as to the rule of scrutiny in the event of an accomplice testifying for the prosecution, which is correct in itself and supported by evidence, the trial judge is not required to "parrot the instructions or to become a mere judicial phonograph for recording the exact and identical words of counsel"; however, he must provide instructions that are in *substantial* conformity

to the prayer. *State v. Bailey, supra; State v. Mitchell,* 1 N.C. App. 528, 162 S.E. 2d 94.

[5]    We hold that the trial judge in this case provided the jury with instructions which substantially conform to those requested. In addition to instructing the jury several times that the State must satisfy the jury by the evidence and beyond a reasonable doubt as to the defendant's guilt, the trial judge charged as follows: "* * * the Court instructs you that you may convict in the State of North Carolina on the unsupported testimony of an accomplice. The Court, however, instructs you that it is dangerous to convict on the unsupported testimony of an accomplice."

As was said in *State v. Bailey, supra,* quoting from *State v. Ashburn,* 187 N.C. 717, 122 S.E. 833: "The charge was all, and perhaps more, than the defendant was entitled to." The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward in defendant's brief, but finding them without merit, they are overruled.

The record before us discloses that although the defendant was only 18 years old at the time of trial, he had been tried and convicted of breaking and entering in 1965 and again in 1966; had been tried and convicted of escape; and was on parole from South Carolina at the time charged in this case. He testified that when he and Ted Cook returned to Charlotte from South Carolina on the day following the burglary of Phil's Dinette, they returned in a stolen car. His court-appointed attorney represented him well in the superior court where he received a fair trial and in this court where we find that the trial was free from prejudicial error.

No error.

BROCK and PARKER, JJ., concur.