STATE OF NORTH CAROLINA v. DOUGLAS RAY BRADY

No. 7211SC734

(Filed 25 October 1972)

**1. Criminal Law § 166— abandonment of exceptions**

Exceptions not set out in defendant's brief or in support of which no argument is stated or no authority cited are deemed abandoned. Court of Appeals Rule 28.

**2. Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence to withstand nonsuit**

State's evidence was sufficient to withstand nonsuit in a prosecution for breaking and entering, larceny of chain saws and larceny of an automobile where such evidence tended to show that defendant and three others planned to commit the crimes charged, that they stole a car, that defendant kept a lookout while the breaking and entering and larceny of the chain saws were taking place, that defendant and his accomplices who were in the stolen car then drove to another county where the saws were transferred to defendant's car, that defendant attempted to sell the saws, and that defendant gave each of his accomplices $150, promising to pay them the rest of the money when he collected it.

**3. Criminal Law § 117— instruction on accomplice's testimony — failure to request special instructions**

The defendant's contention that the trial court's jury charge with respect to accomplice testimony should have included instructions that the witness had been promised immunity, had other charges pending against him in Guilford County, and had been interrogated without benefit of counsel was without merit where defendant failed to request such instruction.

APPEAL by defendant from *Robert M. Martin, Judge,* 29 May 1972 Session, Superior Court, LEE County.

Defendant was charged in one indictment with felonious breaking and entering the Bright and Williams Saw Company and the larceny therefrom of chain saws of the value of $4,787.62. He was charged in another indictment with the larceny of an automobile. Through retained counsel, defendant entered a plea of not guilty. The jury found him guilty of all three charges. He appeals from the judgments entered on the verdict.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Bell, Ogburn and Redding, by J. Howard Redding, for defendant appellant.*

MORRIS, Judge.

[1] Although the record contains ten assignments of error, defendant brings forward and argues in his brief only two of them. Those exceptions not set out in his brief or in support of which no argument is stated or no authority cited are deemed abandoned. Rule 28, Rule of Practice in the Court of Appeals of North Carolina.

[2] Defendant first contends that his motion for dismissal should have been granted. The evidence for the State tends to show the following: Defendant asked Thomas Lee Holt (Holt) if he wanted to make some money along with Larry Smith (Smith) and Roy Lee Leonard (Leonard), saying he knew where there were some chain saws. After the lapse of some three hours they went to Sanford in defendant's car. On the way, the plan was made. They would steal a car to transport the saws. Leonard, Smith and Holt were to break in the store, steal the saws and load them in the stolen car. Defendant would stay on the highway to notify the others if anyone was coming or if anyone got up in the house. They went to the Saw Company and looked it over. There was a light in the store but not in the house in front of the store. Defendant said he had been there before and knew how the saws were arranged and knew the means of entry; that the saws were on metal racks toward the front of the building; and that there was a front door, a door on each side, and a window at the back. If anyone came, the three were to run through the woods behind the building and defendant would pick them up on a secondary road. They then went on downtown to find a car to steal. They found a Ford. Smith and Leonard drove the Ford and defendant and Holt followed in defendant's car. They took the back seats out of the Ford to make room for the saws. When they went back to the building Holt refused to break in because the building was so well lighted. He stayed with Leonard and Smith about 30 minutes and walked back to the highway, caught defendant when he came by, and got in the car. They drove past the place four or five times and then parked for about 45 minutes until they saw the Ford coming out. They followed the Ford into Chatham County and both cars stopped. They unloaded the saws from the Ford and put them in defendant's car. They all got in defendant's car and left. Defendant said he knew a man in Eden who would take the saws. He then went to a house in Burlington, stayed a few minutes, and carried two saws and

put them on the man's porch. They went to a restaurant in Eden where Smith, Leonard, and Holt were told to wait for Brady who said he was going to sell the saws. This was about eight o'clock a.m. Defendant was gone about 45 minutes. When he returned, he said he got part of the money but not all and gave Leonard, Smith and Holt $150 each promising to pay the rest when he collected it. Holt drove defendant's car back to Greensboro.

Unquestionably the evidence was sufficient for the jury to consider the question of defendant's guilt or innocence of the offenses charged. This assignment of error is without merit.

[3] Defendant next contends that the court failed properly to instruct the jury with respect to accomplice testimony. As to this the court instructed:

> "Members of the jury, there is evidence which tends to show that the witness, Mr. Holt, was an accomplice in the commission of the crimes charged, and an accomplice is a person who joins with another in the commission of a crime. The accomplice may actually take part in the acts necessary to accomplish a crime or he may knowingly help or encourage another in the crime, either before or during its commission. An accomplice is considered by the law to have an interest in the outcome of the case. If you find that the witness was an accomplice you should examine every part of his testimony with the greatest care and caution. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence."

Almost identical language was approved in *State v. Mitchell*, 1 N.C. App. 528, 162 S.E. 2d 94 (1968). See also *State v. Smith*, 267 N.C. 659, 148 S.E. 2d 573 (1966). Defendant, however, argues that in addition the court should have instructed the jury that the witness had been promised immunity, had other charges pending against him in Guilford County, and had been interrogated without benefit of counsel. Defendant requested no such instruction, and cannot now complain. "The rule is that in the absence of a special request, the failure of the court to charge the jury to scrutinize the testimony of an accomplice will not be held for error, the matter being a subordinate and not a substantive feature of the case." *State v. Brinson*, 277

N.C. 286, 296, 177 S.E. 2d 398 (1970), and cases there cited. This assignment of error is overruled.

Defendant had a fair and impartial trial, free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.