STATE OF NORTH CAROLINA v. FRANKLIN JUNIOR SAULTS

No. 29

(Filed 17 April 1978)

**1. Arson § 2; Criminal Law § 10.1— accessory before the fact to arson—sufficiency of indictment**

In a prosecution for accessory before the fact to arson, the trial court did not err in denying defendant's motion in arrest of judgment made on the ground that the bill of indictment failed to charge an essential element of the common law crime of arson, to wit, that the burning was done maliciously, since maliciousness is not an element of the crime of accessory before the fact and it was therefore not necessary to allege it in the indictment.

**2. Criminal Law § 113.1— jury instructions—"the evidence shows"—no error**

In a prosecution for accessory before the fact to arson, the trial court did not err in instructing the jury that "the evidence shows that Jackie Lee Parker was an accomplice," since the trial judge was careful to leave conclusions regarding the credibility of the evidence to the jury, and the judge did not lessen the State's burden of establishing beyond a reasonable doubt every element of the crime.

**3. Criminal Law § 117.4— principal called accomplice by court—instruction to scrutinize testimony—no error**

Though a person named by the trial judge as an accomplice was in fact the principal perpetrator of the offense of arson to which defendant was allegedly an accessory, the court's error, if any, was harmless, for the instructions showed that the intent of the judge's charge was to inform the jury that the person named had an interest in the outcome of the case and to urge them to examine and scrutinize the content of his testimony.

APPEAL by defendant from *Howell, J.,* at the 18 July 1977 Regular Criminal Session, MITCHELL Superior Court.

Defendant was tried and convicted of accessory before the fact to arson and was sentenced to life imprisonment. He appealed to this Court pursuant to G.S. 7A-27(a).

The State's evidence tends to show that on the morning of 29 November 1975 the defendant met with Jacky Lee Parker and told Parker that he wanted him to set a particular house on fire. Defendant then led Parker to the home of Ola Mae Yelton in the Glen Ayre Community, Mitchell County. Defendant gave Parker $20, a siphon hose, gloves and plastic containers. That evening, around 11:00 p.m., Parker drove with Judy and Doris Hoilman to a spot near the Yelton home. He walked up· a trail to the home,

poured a gallon of gasoline on and about the front porch of the house, and set the porch afire. At the time the house was occupied by Ola Yelton, her son, Ballard, and her son, J. L., and his wife. Mrs. Yelton's sons extinguished the fire after the home was evacuated. One end of the porch was badly burned from the ground up, and the front door was charred. A week or two after the crime defendant again met with Parker and gave him approximately $100.

The defendant testified that he did not know Jacky Parker, that he had never paid him any money, and that he had never asked him to set fire to anyone's home.

Both defendant and defendant's wife testified that the defendant remained at home on 29 November 1975.

*Attorney General Rufus L. Edmisten by Associate Attorney Douglas A. Johnston for the State.*

*Bruce B. Briggs and Lloyd Hise, Jr. for defendant appellant.*

MOORE, Justice.

Defendant's conviction of accessory before the fact to arson is based upon the following bill of indictment:

"[T]hat on or about the 29th day of November, 1975, in Mitchell County, Franklin Junior Saults unlawfully and willfully did feloniously be and become an accessory before the fact to the wanton and willful burning of the inhabited dwelling of Ola Mae Yelton, located in the Glen Ayre Community of Mitchell County, said dwelling then and there being actually occupied by the said Ola Mae Yelton. The Defendant committed said offense by counseling, procuring, and commanding Jacky Lee Parker to commit a felony, to wit; arson, and in confirmation of said counseling and procuring and commanding of the said Jacky Lee Parker, he, the said Jacky Lee Parker, on or about the 29th day of November, 1975, did unlawfully, willfully, wantonly, and feloniously burn the inhabited dwelling of Ola Mae Yelton, located in the Glen Ayre Community of Mitchell County, said dwelling then and there being actually occupied by Ola Mae Yelton, after he, the said Jacky Lee Parker, had been paid the sum of $20.00 in money

by the Defendant, Franklin Junior Saults, on the same day, to commit the felony of arson. . . ."

[1]    After verdict, but before sentence was imposed, defendant filed a motion in arrest of judgment for that "the Bill of Indictment does not charge an essential element of the common law crime of arson in that it does not allege that the burning was done or caused maliciously and therefore is fatally defective."

G.S. 15A-924 codifies the requirements of a criminal pleading. A criminal pleading must contain, *inter alia*:

"(5) A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation. . . ."

In *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953), in considering the validity of a bill of indictment, Parker, J. (later C.J.), stated:

"The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. [Citations omitted.]"

While it is true, as defendant contends, that an indictment for arson must charge that the burning be done or caused maliciously, *State v. Long*, 243 N.C. 393, 90 S.E. 2d 739 (1956), the fact remains that the indictment in the present case is not for arson, but rather charges defendant as being an accessory before the fact to arson. By statute, G.S. 14-5, the facts which formerly had been called "accessory before the fact" are made a substan-

tive felony. *State v. Partlow*, 272 N.C. 60, 157 S.E. 2d 688 (1967). To justify the conviction of one as an accessory before the fact, three elements must concur, namely, that (1) defendant counseled, procured, commanded, or encouraged the principal to commit the crime, (2) defendant was not present when the crime was committed, and (3) the principal committed the crime. *State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975); *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970). Maliciousness not being an element of the crime of accessory before the fact, it is not necessary to allege it in the indictment.

A similar situation was considered by this Court in *State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976). In that case, a bill of indictment charged that the defendant "feloniously and burglariously broke and entered the dwelling house occupied by Susan Brogden 'with intent to kidnap the said Susan Brogden.' " There, Chief Justice Sharp, speaking for the Court, said: ". . . The indictment for burglary must specify the particular felony which the defendant is alleged to have intended to commit at the time of the breaking and entering. . . . However the felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of that felony. It is enough to state the offense generally and to designate it by name. *See also* 12 C.J.S. *Burglary* § 32 (1938). Under these rules the burglary indictment here was clearly sufficient."

In the case at bar the indictment charged that defendant was an accessory before the fact to the willful and wanton burning of the inhabited dwelling of Ola Mae Yelton, and further sets out specifically the facts which made defendant an accessory before the fact, using the words of G.S. 14-5; that is, that defendant committed said offense by "counseling, procuring and commanding Jacky Lee Parker to commit a felony; to wit, arson," and that as a result Parker did unlawfully, willfully, wantonly, and feloniously burn the inhabited dwelling of Ola Mae Yelton after he had been paid the sum of $20 by defendant. Such allegations were sufficient to put the defendant on notice that he was to be tried as an accessory before the fact to the crime of *arson*. The word "arson" has a definite legal meaning. *Cf. State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406 (1966). Since the indictment alleges that defendant procured Parker to commit arson and to burn the house of *another, viz*, Ola Mae Yelton, defendant could not have been led

to believe, as he contends, that he was being charged with accessory before the fact to the statutory offense set forth in G.S. 14-65, for the gravamen of that offense is the fraudulent burning of a house occupied by *the defendant himself*.

We believe, therefore, that this indictment charged the offense of accessory before the fact to arson with sufficient certainty to identify the offense; to protect the accused from being twice put in jeopardy for the same offense; to enable the accused to prepare for trial, and to enable the court, upon conviction, to pronounce sentence. Hence, we hold that the trial court did not err in overruling defendant's motion to arrest judgment. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Greer, supra.*

[2] Defendant also insists the court erred in instructing the jury that "the evidence shows that Jackie Lee Parker was an accomplice." The defendant contends that, by so stating, the court assumed a fact that was controverted by the defendant's plea of not guilty, namely, that the crime of arson was committed. In support of this argument, defendant cites *State v. Swaringen*, 249 N.C. 38, 105 S.E. 2d 99 (1958). In that case, defendant was charged with operating a motor vehicle under the influence of intoxicating liquor. The State had the burden of showing that defendant operated a motor vehicle on a public highway while under the influence of intoxicating liquor. The trial judge in that case stated: "Now in this case the defendant Swaringen was the driver of the vehicle. . . ." This clearly relieved the jury of finding one of the essential elements of the crime charged—that defendant was driving. In the present case we have an entirely different situation. After recapitulating the evidence and just before stating that portion of the charge to which defendant assigns error, the trial judge stated:

". . . Again, ladies and gentlemen of the jury, that is just a portion of what some of the evidence for the Defendant tends to show. What, if anything, it shows, is for you and you alone to say and determine.

"The evidence has not been stated by me except to the extent necessary to explain the application of the law thereto, and I give no opinion whether a fact is fully or sufficiently proven, that being your true office and province. It is your duty to consider all evidence whether or not mentioned

by me using your own recollection of the evidence and ignoring any statement or testimony which I have stricken or excluded.

"[Now, ladies and gentlemen of the jury, in this case there is evidence which shows that the witness, Jackie Parker, was an accomplice in the commission of the crime charged in this case.]"

The trial judge then continued:

"An accomplice is a person who joins with another in the commission of a crime. The accomplice may actually take part in the acts necessary to accomplish the crime, or he may knowingly encourage another in the crime either before or during its commission. An accomplice is considered by the law to have an interest in the outcome of the case. [Now, the evidence shows that Jackie Lee Parker was an accomplice.]

"Therefore, I instruct you that you should examine every part of his testimony with the greatest care and caution. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence."

(Bracketed portions indicate those parts of the charge objected to by defendant.)

Unlike the instruction in Swaringen, *supra*, the trial judge in present case does not affirmatively state that Jacky Lee Parker was an accomplice, nor that Parker committed arson. Instead, the judge said that *the evidence shows* that Parker was an accomplice. As can be seen from the instruction, the trial judge was careful to leave conclusions regarding the credibility of the evidence to the jury. Thus, contrary to defendant's contentions, the trial judge did not lessen the State's burden of establishing beyond a reasonable doubt every element of the crime. Whether or not Parker actually did set fire to the Yelton residence was a question left for jury determination. See *Thompson v. Davis*, 223 N.C. 792, 28 S.E. 2d 556 (1944).

[3] Defendant further objects that, by calling Parker an "accomplice" when he was in fact a principal, the trial judge lessened the degree of Parker's participation in the crime.

An accomplice "is a person who knowingly, voluntarily, and with common intent with the principal offender unites with him in the commission of the crime charged, either as a principal, as an aider and abettor, or as an accessory before the fact. The generally accepted test as to whether a witness is an 'accomplice' is whether he himself could have been convicted for the offense charged, either as a principal, or as an aider and abettor, or as an accessory before the fact, and if so, such a witness is an accomplice within the rules relating to accomplice testimony. [Citations omitted.]" *State v. Bailey*, 254 N.C. 380, 387, 119 S.E. 2d 165, 171 (1961). *See State v. White*, 288 N.C. 44, 215 S.E. 2d 557 (1975).

Though Parker was not technically an accomplice to the substantive offense for which defendant was charged, namely, accessory before the fact to arson, he can be considered an accomplice to the crime of arson itself, being the principal perpetrator of the offense. *State v. White, supra; State v. Bailey, supra.* The error, if any, is harmless, for the instructions show that the intent of the judge's charge was to inform the jury that Parker had an interest in the outcome of the case and to urge them to examine and scrutinize the content of his testimony. Absent request, the trial judge was under no duty to instruct the jury with respect to Parker's testimony. *State v. Bailey, supra.* However, it was within his discretion to do so without request, and the instruction so given in this case was in substantial accord with our cases. *State v. Bailey, supra; State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976); *State v. Smith*, 267 N.C. 659, 148 S.E. 2d 573 (1966). This could only have worked to the benefit of defendant. This assignment is overruled.

Defendant's final assignment of error, *viz*, whether the trial court erred in denying defendant's motion for nonsuit, was not argued in his brief. ". . . Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned. . . ." Rule 28(a), Rules of Appellate Procedure. We have, however, reviewed the record, and hold that there was sufficient evidence of defendant's guilt to warrant submission of the case to the jury.

Due to the severity of the sentence imposed, we have searched the record for errors other than those assigned and have found none. In the trial we find no error.

No error.