STATE OF NORTH CAROLINA v. ROBERT PICCOLO, WILLIAM PAINTER, RICHARD MILFORD ARDIS

No. 8413SC89

(Filed 5 February 1985)

1. **Criminal Law § 91— speedy trial—exclusion of time defendant involved in another proceeding**

    In determining whether defendant was denied his right to a speedy trial pursuant to the N.C. Speedy Trial Act, the trial court did not err in excluding from consideration a 117 day delay during which time defendant was indicted, arrested and arraigned on another charge; moreover, Brunswick County was conclusively presumed to be a county where, due to the limited number of court sessions, the 120 day time limit of the Speedy Trial Act could not reasonably be met, since there were only seven regularly scheduled criminal or mixed sessions of court in 1982-1984. G.S. 15A-701(b)(1) and (8).

2. **Criminal Law §§ 10, 11— accessory before and after fact to same crime—two convictions proper**

    Defendant could be properly convicted of being both an accessory before the fact and an accessory after the fact to possession of more than one ounce of marijuana.

APPEAL by defendant Piccolo[1] from *Watts, Judge.* Judgments entered 9 March 1983 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 15 October 1984.

---

1. Defendants Painter and Ardis withdrew their appeals after the record on appeal was docketed.

Defendant was charged in two bills of indictment with two counts of feloniously conspiring to possess more than one ounce of marijuana, with two counts of being an accessory before the fact to possession of more than one ounce of marijuana, and with one count of being an accessory after the fact to the possession of more than one ounce of marijuana. He was convicted on all counts, and was sentenced to consecutive prison terms totaling 40 years.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Donald Ferguson and Allsbrook, Benton, Knott & White, by William O. White, Jr., for defendant appellant.*

JOHNSON, Judge.

The primary issues presented by this appeal are whether the court erred in dismissing defendant's motions to dismiss pursuant to the Speedy Trial Act, G.S. 15A-701 *et seq.,* and whether the court erred in denying defendant's motion to dismiss the accessory after the fact charge. For the following reasons, we find no error.

[1] Defendant was originally indicted on 17 August 1981 and charged with conspiracy to possess, and with accessory before the fact to the possession of, approximately 36,500 pounds of marijuana aboard the seagoing vessel, the "Captain Tom" (hereinafter referred to as the Captain Tom case) on 4 September 1979. He was subsequently indicted on 26 July 1982 and charged with conspiracy to possess, and with accessory before and after the fact to the possession of, approximately 30,000 pounds of marijuana aboard a seagoing vessel during Hurricane David (hereinafter referred to as the Hurricane David case).

The unexcepted findings of fact indicate that defendant was served with the Captain Tom arrest warrant on 4 November 1981. On 25 November 1981, Donald Ferguson, a Florida attorney, filed a waiver of arraignment executed by defendant and Ferguson. The waiver, however, did not include the name or address of an attorney licensed to practice within North Carolina. After an exchange of correspondence regarding discovery between Ferguson and the Special Prosecutions Staff of the Office of the North

Carolina Attorney General, which represented the State, Assistant Attorney General Donald Stephens wrote Mr. Ferguson a letter dated 5 January 1982 in which he advised Mr. Ferguson of the requirements of North Carolina law for the admittance of out-of-state counsel *pro hac vice*. Stephens further advised Ferguson that the State would be unable to furnish voluntary discovery to defendant until a licensed North Carolina attorney filed a notice of entry into the case. On 12 February 1982, Stephens wrote Ferguson and defendant Piccolo another letter advising them that the State had scheduled arraignment proceedings for defendant on 22 February 1982. On that date, 22 February 1982, a North Carolina attorney, W. Douglas Parsons, entered an appearance on behalf of defendant and waived arraignment. Ferguson, however, was not admitted *pro hac vice* until 10 May 1982.

In the meantime, Attorneys Parsons and Ferguson filed pretrial motions on behalf of defendant on 11 March 1982. These motions were ruled upon on 11 May 1982.

At the 26 July 1982 regular session of court, the Hurricane David indictments were returned. Defendant was arrested and arraigned in the Hurricane David case at the next regular session of Brunswick County Superior Court commencing 16 August 1982. On 1 November 1982, the State filed motions to join all defendants and offenses arising out of the Captain Tom and Hurricane David cases. These motions were heard on 29 November 1982 and decided on 29 December 1982. The State wrote a letter to defendant's attorneys on 5 January 1983 advising them that it had obtained the approval of the Administrative Office of the Court of a special two-week term of Brunswick County Superior Court for the weeks of 21 February and 28 February 1983 for the trial of defendant's cases. Defendant's motion to dismiss pursuant to the Speedy Trial Act was heard on 21 February 1983 and his trial was held during the foregoing two week session of court.

For ease of reference, the following is a chronological listing of events pertinent to the speedy trial issue:

| | |
|---|---|
| 17 August 1981 | Captain Tom indictment |
| 4 November 1981 | Captain Tom arrest warrant served upon defendant |

State v. Piccolo

| | |
|---|---|
| 25 November 1981 | Defendant waives arraignment through out-of-state counsel |
| 22 February 1982 | Waiver of arraignment by North Carolina attorney for defendant |
| 11 March 1982 | Pre-trial motions filed on defendant's behalf |
| 6 May 1982 | State moved to join defendants |
| 10 May 1982 | Out-of-state counsel admitted |
| 11 May 1982 | Orders entered ruling upon defendant's pre-trial motions |
| 9 June 1982 | State's motion to join defendants allowed |
| 26 July 1982 | Hurricane David indictment |
| 16 August 1982 | Hurricane David arrest warrant served and arraignment |
| 1 November 1982 | State filed motions to join Captain Tom and Hurricane David offenses |
| 29 December 1982 | Order entered allowing State's motion to join offenses |
| 5 January 1983 | State obtains special two week term of court in Brunswick County beginning 21 February 1983 in which to try case |
| 21 February 1983 | Defendant's trial began |

The Speedy Trial Act (the Act) provides that the trial of a defendant must begin "[w]ithin 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last." G.S. 15A-701(a1)(1). Here, the last occurring of the foregoing events was the service of the arrest warrant upon defendant on 4 November 1981. From that date until the date of trial, 21 February 1983, 474 days elapsed. From that period of time, the Act provides that "any period of delay resulting from other proceedings concerning the

State v. Piccolo

defendant" must be excluded in computing the time within which the trial of a criminal offense must begin. G.S. 15A-701(b)(1).

The trial court excluded the following periods of time: from 4 November 1981 until 10 May 1982 for the period of delay resulting from the securing of admission of out-of-state counsel; from 11 March 1982 until 11 May 1982 for the period of delay resulting from defendant's pre-trial motions; from 6 May 1982 until 9 June 1982 for the period of delay occasioned by the State's motion to join defendants; from 9 June 1982 until 4 October 1982 for the period of delay resulting from the Hurricane David indictment, arrest and arraignment; and from 1 November 1982 until 21 February 1983 for the period of delay resulting from the State's motion to join the Captain Tom and Hurricane David offenses.

Defendant concedes in his brief that the Court properly excluded the following periods of time: from 30 November 1981 to 22 February 1982, a period of 84 days; from 11 March 1982 to 9 June 1982, a period of 90 days; from 1 November 1982 to 29 November 1982, a period of 28 days; and from 9 December 1982 to 21 February 1983, a period of 74 days. The longest period of time which defendant has found objectionable consisted of the 117 day period from 9 June 1982 until 4 October 1982. Defendant concedes that the court properly excluded 276 days. The pivotal question, then, is whether the court properly excluded the 117 days. If so, the court properly denied defendant's motion.

The court's unexcepted to findings indicate that the next regular session following the court's allowing of the State's motion for joinder of the defendants was on 26 July 1982. At that session, however, defendant was indicted for the Hurricane David case. At the next session of court, 16 August 1982, defendant was served with the Hurricane David arrest warrant and arraigned for the Hurricane David incident. The next regular session of court was not until 4 October 1982.

G.S. 15A-701(b)(1) provides that "[a]ny period of delay resulting from other proceedings concerning the defendant" shall be excluded in computing the time within which the trial must begin. Clearly, a grand jury indictment proceeding and an arraignment proceeding are "other proceedings concerning the defendant." The period from 9 June 1982 until 4 October 1982 was,

therefore, properly excluded, and defendant's motion was properly denied.

We add, also, taking judicial notice of the court calendars prepared by the Administrative Office of the Courts, that there were only seven regularly scheduled criminal or mixed sessions of Brunswick County Superior Court in 1982, 1983 and 1984. Brunswick County, thus, is conclusively presumed to be a county where, due to the limited number of court sessions, the 120 day time limit cannot reasonably be met. G.S. 15A-701(b)(8).

[2] The next issue is whether the court erred in denying defendant's motion to dismiss the charge of accessory after the fact. Defendant contends that he cannot be convicted of both accessory before the fact and after the fact. We disagree. The crimes of being an accessory before the fact and an accessory after the fact are separate and distinct crimes, having separate and distinct elements. *State v. Cabey*, 307 N.C. 496, 299 S.E. 2d 194 (1983). To convict one of being an accessory before the fact, the State must show that a crime was committed, that the defendant was not present at the scene of the crime and that the defendant counseled, procured, commanded or encouraged the principal to commit the crime. *State v. Saults*, 294 N.C. 722, 242 S.E. 2d 801 (1978). To convict one of being an accessory after the fact, the State must show that a crime was committed, that the defendant knew a crime was committed, and that the defendant personally assisted the perpetrator in escaping detection, arrest or punishment. *State v. McIntosh*, 260 N.C. 749, 133 S.E. 2d 652 (1963), *cert. denied*, 377 U.S. 939, 12 L.Ed. 2d 302, 84 S.Ct. 1345 (1964).

The evidence in the present case tends to show that two truck drivers, Richard Ardis and "Fat Freddie" transported at least 30,000 pounds of marijuana through North Carolina en route to a destination point, Racine, Wisconsin, designated by defendant and where defendant was present at the time of the arrival and distribution of the marijuana. Ardis was convicted of felonious possession of marijuana. "Fat Freddie" had not been apprehended at the time of trial. From this evidence the jury could infer that defendant knew Ardis and "Fat Freddie" had committed a crime and that defendant assisted them in escaping detection by helping them dispose of the marijuana. Defendant's motion was, therefore, properly denied.

We have also reviewed defendant's assignments of error concerning the court's limiting defendant's cross-examination of the State's key witness regarding the witness' prior psychiatric problems, the State's jury arguments, and the court's denial of his motion for mistrial and find neither prejudicial error nor an abuse of discretion.

For the foregoing reasons, we find

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.

(Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.)